UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KAMAL OLATUNJI TIJANI,

                    Petitioner,                    Case No. 1:26-cv-1865

v.                                                 Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                    Respondent.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled, second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.  Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.23.) In an Order entered June 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the November 13, 2025, bond hearing on June 26, 2026, (Resp., ECF No. 5; Recording of Nov. 13, 2026, Bond Hearing, filed on Jun. 26, 2026), and Petitioner filed his reply on July 1, 2026, (ECF No. 6).

## II.    Factual Background

Petitioner is a native and citizen of Nigeria. Op., *Tijani v. Raycraft* (*Tijani I*), No. 1:26-cv-38 (W.D. Mich. Jan. 30, 2026) (ECF No. 6). Petitioner entered the United States in 2017 "as a nonimmigrant Student with authorization to remain in the United States for a temporary period not to exceed May 17, 2019." *Id*. On October 31, 2025, ICE agents arrested Petitioner. *Id.*

On January 6, 2026, Petitioner filed his first § 2241 petition challenging his initial detention without a bond hearing in *Tijani I*. In *Tijani I*, the Court denied without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because Petitioner did not acknowledge nor raise any constitutional deficiencies regarding his November 13, 2025, custody redetermination hearing. *Id.*

At Petitioner's November 13, 2025, custody redetermination hearing, the Immigration Judge denied Petitioner's request for bond because Petitioner "did not establish he does not present a substantial flight risk." (Nov. 13, 2025, Order Immigration Judge, ECF No. 1-2, PageID.28.)

On December 31, 2025, the Detroit Immigration Court considered Petitioner's second request for a custody redetermination hearing. (Dec. 13, 2205, Order Immigration Judge, ECF No. 1-3, PageID.30.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating:

> After considering the facts and circumstance, the motion is denied for the following reason(s):
>
> [Petitioner] has already been provided a custody redetermination hearing where bond was denied on November 13, 2025. Any request for a subsequent bond hearing must establish materially changed circumstances since the prior hearing. [Petitioner's] present request does not address this rule, nor does it reflect

circumstances have materially changed necessitating a subsequent custody redetermination hearing. 8 CFR 1003.19(e).

(*Id*.)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status

3

report shall include if and when the bond hearing occurred, if bond was granted or denied, and if

bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:　　　　July 8, 2026　　　　　　　　　　/s/ Jane M. Beckering　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Jane M. Beckering
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge