UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KAMAL OLATUNJI TIJANI,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1865

Honorable Jane M. Beckering

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on July 8, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing, within five business days, before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody." (Op. & J., ECF Nos. 7, 8.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment.. (Op. & J., ECF Nos. 7, 8.) On July 16, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.) In the written order denying bond, the Immigration Judge stated that bond was denied because: "[t]he government has met its burden to demonstrate flight risk by clear

and convincing evidence. The respondent has been ordered removed from the United States. While the order is currently pending appeal the respondent has a low probability of obtaining relief at this time." (Order Immigration Judge, ECF No. 9-1, PageID.79.)

Thereafter, on July 22, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 10.) In the motion to enforce judgment, Petitioner argues that at the bond hearing, "the [Immigration Judge] treated [Petitioner]'s removal as dispositive and failed to apply the clear-and-convincing standard this Court ordered." (*See id.*, PageID.81.) In light of this, Petitioner asks this Court to order his immediate release from custody or to hold its own bond hearing. (*Id.*) Respondents filed a response in opposition to the motion on August 5, 2026. (ECF No. 11.)

In the motion to enforce judgment, Petitioner seeks to challenge the determinations made at the July 13, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's July 8, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where "[t]he government has met its burden to demonstrate flight risk by clear and convincing evidence." (Order Immigration Judge, ECF No. 9-1, PageID.79.) Petitioner's challenge to the determinations made at the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's July 8, 2026, Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:      August 11, 2026                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge

2